IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JOE BROWN,

    Plaintiff,

v.                                                            CASE NO. 5:12-cv-22-MP-GRJ

WARDEN CHURCHWELL, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this case by filing a complaint pursuant to 42 U.S.C § 1983 and seeks leave to proceed as a pauper. Docs. 1, 2. Plaintiff is presently incarcerated at Santa Rosa Correctional Institution, and he alleges that his First and Eighth Amendment rights have been violated in various respects. This case is before the Court for screening pursuant to 28 U.S.C § 1915(b)(2), governing proceedings *in forma pauperis*. On March 8, 2012, the Court ordered Plaintiff to show cause as to why this case should not be dismissed for abuse of the judicial process because Plaintiff failed to truthfully disclose all of his prior federal cases, as required on the complaint form. Plaintiff has filed a response to the show cause order. Doc. 6. For the following reasons, the undersigned recommends that leave to proceed as a pauper be denied and that this case be dismissed for abuse of the judicial process.

Plaintiff executed the civil rights complaint form under penalty of perjury. Doc. 1 at 21 (court's docket numbering). Section IV of the Court's civil rights complaint form requires prisoners to disclose information regarding previous lawsuits, including whether they have initiated other actions in state or federal court dealing with the same or similar facts involved in the instant case, whether they have initiated other cases

dealing with the fact or manner of their incarceration (including habeas corpus petitions), and whether they have "ever had any actions in federal court dismissed as frivolous, malicious, for failure to state a claim, or prior to service," and if so to "identify each and every case so dismissed." Doc. 1 at 6-7. The form expressly warns that "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL." Doc. 1 at 6. In response to these questions, Plaintiff identified one prior case: *Brown v. Hannold*, Case. No. 0:06-cv-61313 (S.D. Fla. 1/22/10).

A review of the Court's PACER Case Locator reflects that Plaintiff has in fact filed four additional federal cases that he failed to disclose under this section. *See Brown v.* Shealy, Case No. 5:02-cv-77-MP (N.D. Fla. 7/30/02) (dismissed for failure to prosecute); *Brown v. Sheriff*, Case No. 0:04-cv-61054-JEM (S.D. Fla. 10/26/04) (dismissing complaint pursuant to 28 U.S.C § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted); *Brown v. Hannold*, Case No. 1:09-cv-21337-FAM (S.D. Fla. 6/15/09) (dismissing case as duplicative of previous case); *Brown v. Gassett*, Case No. 0:09-cv-60705-WPD (S.D. Fla. 7/7/09) (dismissing case as duplicative). At least one of these cases, *Brown v. Sheriff*, Case No. 0:04-cv-61054-JEM, counts as a "strike" for purposes of the 28 U.S.C § 1915(g) three-strikes bar.

In the absence of any basis for excusing a plaintiff's lack of candor, failure to disclose and truthfully describe *all* previous lawsuits as clearly required on the Court's prisoner civil rights complaint form warrants dismissal of the complaint for abuse of the judicial process. *See Redmon v. Lake County Sheriff's Office*, No. 10-11070, 2011 WL

576601 *4 (11th Cir. Feb. 10, 2011).[1] In *Redmon,* the Eleventh Circuit affirmed the dismissal of a prisoner's civil rights complaint that did not disclose a previous lawsuit. The plaintiff argued that he "misunderstood" the form, but the Court held that the district court had the discretion to conclude that the plaintiff's explanation did not excuse his misrepresentation because the complaint form "clearly asked Plaintiff to disclose previously filed lawsuits[.]" *Id*. The Court determined that dismissal was an appropriate sanction:

> Under 28 U.S.C. § 1915, "[a] finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal." *Attwood v. Singletary,* 105 F.3d 610, 613 (11th Cir.1997). In addition, a district court may impose sanctions if a party knowingly files a pleading that contains false contentions. Fed.R.Civ.P. 11(c). Although *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys, a plaintiff's *pro se* status will not excuse mistakes regarding procedural rules. *McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993).

*Id*.

In addition to revealing whether a prisoner is subject to the PLRA's "three strikes" provision, the information required on the form assists the Court in efficiently managing prisoner litigation by showing whether a complaint is related to or is affected by another case. The failure to exercise candor in completing the form -- while attesting to the Court that that the answers are made under penalty of perjury -- impedes the Court in managing its caseload and merits the sanction of dismissal. *See Redmon*, 2011 WL 576601, at *4; *Johnson v. Crawson*, No. 5:08-cv-300, 2010 WL 1380247, at *2 (N.D. Fla. Mar. 3, 2010) ("If Plaintiff suffered no penalty for his untruthful responses, there

---

[1] Pursuant to 11th Cir. Rule 36-2, unpublished opinions are not binding precedent but may be cited as persuasive authority.

would be little or no disincentive for his attempt to evade or undermine the purpose of the form.  Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants."); *Paulcin v. McNeil*, No. 3:09-cv-151, 2009 WL 2432684, at *2 (N.D. Fla. Aug. 6, 2009) ("If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The court will not tolerate false responses or statements in any pleading or motion filed before it.").

In his response to the show cause order, Plaintiff argues that he was unable to provide complete information regarding his past filings due to numerous transfers within the DOC and the lack of access to his legal materials, some of which have been lost or are missing.  Doc. 6.  The Court is not persuaded that Plaintiff's lack of candor should be excused under these circumstances.  The complaint form plainly requires Plaintiff to advise the Court if he is unsure of any additional prior cases.  Plaintiff failed to inform the Court of the existence of the three additional prior cases, even if he could not provide specific information about each case.   *See* Doc. 1.

Accordingly, it is respectfully **RECOMMENDED** that leave to proceed as a pauper, Doc. 2, be **DENIED**, and that this case be **DISMISSED** for failure to comply with an order of the court, failure to prosecute, and for abuse of the judicial process.

**IN CHAMBERS**  this 23rd day of March 2012.

  *s/ Gary R. Jones*  
  GARY R. JONES  
  United States Magistrate Judge

**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.